UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN GAWRONSKI and A. BRUGUIER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** — CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiffs, by their attorneys, upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs Justin D. Gawronski and Antoine J. Bruguier bring this class action complaint against defendants Amazon.com, Inc. and Amazon Digital Services, Inc., both headquartered in Seattle, Washington, (collectively "Amazon") for their wrongful practice of remotely deleting digital content from their customers' Amazon Kindle electronic book ("e-book") reading devices and Kindle for iPhone applications.

COMPLAINT
Case No.
- 1 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

2. With an uncanny knack for irony, Amazon recently remotely deleted any traces of certain electronic copies of George Orwell's "1984" and "Animal Farm" from customers' Kindles and iPhones, thereby sending these books down Orwell's so-called "memory hole."

3. As stated by Farhad Manjoo of slate.com in response to Amazon's Big Brother-like behavior, "The power to delete your books, movies, and music remotely is a power no one should have. . . . [T]he company ought to remove the technical capability to do so, making such a mass evisceration impossible in the event that a government compels it."

4. And consider noted *New York Times* technology writer, David Pogue's description of Amazon's conduct: "[I]t's like Barnes & Noble sneaking into our homes in the middle of the night, taking some books that we've been reading off our nightstands, and leaving us a check on the coffee table."

## PARTIES

5. Plaintiff Justin D. Gawronski is a resident of Michigan.

6. Plaintiff Antoine J. Bruguier is a resident of California.

7. Defendant Amazon.com, Inc. is a leading online retailer of consumer goods throughout the world. Amazon.com, Inc. is a Delaware corporation headquartered in King County, Washington at 1200 12th Avenue, Seattle, Washington 98144. Amazon.com, Inc. does business throughout the State of Washington and the nation.

8. Defendant Amazon Digital Services, Inc. is a part of the Amazon.com family of companies and is the seller and distributor of the Amazon Kindle device. Amazon Digital Services, Inc. is a Delaware corporation headquartered in King County, Washington at 605 5th Ave. South, Seattle, Washington, 98104. Amazon Digital Services, Inc. does business throughout the State of Washington and the nation.

COMPLAINT
Case No.

- 2 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

10. Personal jurisdiction and venue are proper because Amazon is a corporation headquartered in King County and/or because the improper conduct alleged in this Complaint occurred in, was directed from, and/or emanated or exported from Washington.

## FACTUAL BACKGROUND

11. Amazon sells and/or sold wireless reading devices called "Kindle," "Kindle 2," and "Kindle DX" ("Kindles") that allow consumers to read digital content, including electronic books. Amazon also distributes the iPhone and iPod Touch application called "Kindle for iPhone."

12. Amazon also operates an online e-book store (the "Kindle Store") (www.amazon.com/kindlestore) accessible from any computer and directly from Kindles and iPhones that allows consumers to purchase and download e-books directly to their Kindles and iPhones.

13. Kindles include the ability to purchase digital content over the internet directly from the Kindle Store wirelessly by accessing a cellular radio network it calls "Whispernet." This means that consumers can engage in interstate commerce from Kindles by purchasing digital content anywhere in the United States that Whispernet covers. Kindle for iPhone users may also purchase and download digital content wirelessly.

14. Kindles include the ability for users to bookmark and highlight content, as well as add annotations to the text of e-books, just like writing in the margins of a paper book.

15. The "License Agreement and Terms of Use" for the Amazon Kindle states:

COMPLAINT
Case No.

- 3 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

**3. Digital Content**

**Use of Digital Content.** Upon your payment of the applicable fees set by Amazon, Amazon grants you the non-exclusive right to keep a permanent copy of the applicable Digital Content and to view, use, and display such Digital Content an unlimited number of times, solely on the Device or as authorized by Amazon as part of the Service and solely for your personal, non-commercial use. Digital Content will be deemed licensed to you by Amazon under this Agreement unless otherwise expressly provided by Amazon.

16. On or about July 16 and 17, 2009, Amazon withdrew from sale certain e-books, including George Orwell's "1984" and "Animal Farm." Amazon then remotely deleted these e-books from purchasers' Kindles and iPhones. In doing so, Amazon not only deleted the e-books, but also rendered useless any electronic notes and annotations that consumers had made within these e-books because the notes were no longer tied to the referenced or highlighted text. Amazon then refunded the purchase price to these consumers.

17. This is apparently not the first time that Amazon has remotely deleted content from Kindles and iPhones. Earlier in 2009, Amazon reportedly remotely deleted certain copies of "Harry Potter" books by J.K. Rowling and certain copies of books by Ayn Rand.

18. Amazon never disclosed to Plaintiffs or the Classes that it possessed the technological ability or right to remotely delete digital content purchased through the Kindle Store from Kindles or iPhones. Neither this capability nor this apparent right are disclosed in the Terms of Use. Similarly, Amazon never disclosed that it could remotely render useless notes, annotations, bookmarks, and highlighting created by consumers.

19. It is reasonable for consumers to rely on the information contained in the product or service's terms of use when making the decision whether or not to purchase an item. In fact, Amazon intends for consumers to rely on such information when making their decisions about purchases.

COMPLAINT
Case No.

- 4 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

20. The capability for Amazon to remotely delete purchased items is material in a consumer's decision to buy Kindles or e-books through the Kindle Store.

21. The value of Kindles and reading materials purchased through the Kindle Store are significantly diminished by Amazon's ability to remotely delete digital content, including e-books, magazines, and newspapers. First, an electronic reading device that allows content to be deleted remotely is worth less than one without such a feature. Second, there exists a significant secondary market for used electronic reading devices, including Kindles, and Plaintiffs' Kindles are worth less on this market due to Amazon's ability to remotely delete digital content from it. Plaintiffs and members of the Class have been injured by this diminution in value.

22. As of July 30, 2009, the price for the Kindle Edition of "1984" is $9.99 and the price for the Kindle Edition of "Animal Farm" is $6.99.

23. Amazon has reaped and retained benefits from these fraudulent and misleading sales.

24. Amazon has financially benefitted from this practice.

## FACTS RELATING TO PLAINTIFF GAWRONSKI

25. On or about early-June, 2009, Mr. Gawronski purchased for $0.99 an electronic copy of George Orwell's "1984" for use on his Kindle 2 from Amazon's Kindle Store. He purchased the book because it was assigned to him as a summer homework assignment by a teacher at his high school.

26. On or about July 20, 2009, after reading online about Amazon's practice of remotely deleting copies of "1984" from Kindles, Mr. Gawronski powered on his Kindle 2 only to watch "1984" vanish before his very eyes. Because "1984" was the most recent book he had been reading on his Kindle 2 prior to July 20, 2009, the Kindle 2 powered on to the last page of

COMPLAINT
Case No.

- 5 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

"1984" Mr. Gawronski had been reading. Within moments of powering on his Kindle 2 to this page of "1984," the entire e-book disappeared as Amazon immediately remotely deleted it from his Kindle 2.

27. Mr. Gawronkski did not consent to Amazon remotely deleting "1984" from his Kindle 2.

28. As part of his studies of "1984," Mr. Gawronski had made copious notes in the book. After Amazon remotely deleted "1984," those notes were rendered useless because they no longer referenced the relevant parts of the book. The notes are still accessible on the Kindle 2 device in a file separate from the deleted book, but are of no value. For example, a note such as "remember this paragraph for your thesis" is useless if it does not actually a reference a specific paragraph. By deleting "1984" from Mr. Gawronski's Kindle 2, this is the position in which Amazon left him. Mr. Gawronski now needs to recreate all of his studies.

**FACTS RELATING TO PLAINTIFF BRUGUIER**

29. On April 25, 2009, Mr. Bruguier purchased for $3.20 an electronic copy of George Orwell's "1984" for use on his Kindle from Amazon's Kindle Store.

30. On Thursday, July 16, 2009 at 3:17 p.m., Mr. Bruguier received an email from Amazon.com stating that it was "writing to confirm that we have processed your refund for $3.20" for his April 25, 2009 purchase of "1984." This email did not state that Amazon initiated the refund on its own without a request from Mr. Bruguier.

31. Later that day, at 11:44 p.m., Mr. Bruguier received another email, this time from Amazon.com Customer Service. This email explained that:

COMPLAINT
Case No.

- 6 -

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

> We recently discovered a problem with a Kindle book that you have purchased.
>
> Therefore, to remedy this situation, we have processed a refund to the payment method used to purchase "NINETEEN EIGHTY-FOUR (1984)." Upon the activation of the wireless, the title "NINETEEN EIGHTY-FOUR 1984)" will be automatically removed from the device.

32. Mr. Bruguier did not consent to Amazon deleting his purchased copy of "1984."

33. On or about July 17, 2009, Mr. Bruguier contacted Amazon.com with the statement: "I would like to keep the title 1984. I like this book." On July 17, 2009 at 1:28 p.m., he received an email response to his comment from Amazon.com Customer Service, which stated in relevant part: "I understand that you're upset, and I regret that we haven't been able to address your concerns to your satisfaction. Unfortunately, we won't be able to offer any additional insight or action on these matters." In other words, Amazon intended to conceal the true purpose for remotely deleting Mr. Bruguier's purchased copy of "1984."

34. Amazon later changed course and notified Mr. Bruguier by email on July 17, 2009 at 10:37 p.m. that it did not have the rights to sell the book.

35. On or about July 18, 2009, Mr. Bruguier again contacted Amazon to express his displeasure and request that Amazon provide him with a replacement copy of "1984." He stated, in relevant part, that he was "especially annoyed by your deceit during the process; You masqueraded the thing as a technical glitch and hid the fact that it was going to be removed." He went on to state, "In addition, I thought that once purchased, the books were mine. . . . So would it be possible for you to give me another edition of 1984, one that you have the rights to distribute?" In this correspondence with Amazon, Mr. Bruguier also quoted the Kindle's Terms of Use section on "Use of Digital Content"—the same section quoted above in paragraph 18.

COMPLAINT
Case No.

- 7 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

36. Amazon responded to Mr. Bruguier's complaint at 9:25 a.m. on July 18, 2009 via email with a form letter that failed to address Mr. Bruguier's specific concerns.

## CLASS ALLEGATIONS

37. Plaintiffs Gawronski and Bruguier bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of themselves and two classes, the Kindle Class and the Big Brother Class. Plaintiff Gawronski brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of himself and one subclass, the Big Brother Work-Product SubClass:

   a) **The Kindle Class.** All individuals and entities in the United States who own or have owned an Amazon Kindle, Kindle 2, or Kindle DX.

   b) **The Big Brother Class.** All individuals and entities in the United States who purchased any digital content through the Kindle Store that was subsequently remotely deleted by Amazon without the consent of the purchasers.

   c) **The Big Brother Work-Product Subclass.** All individuals and entities in the United States who purchased any digital content through the Kindle Store that was subsequently remotely deleted by Amazon without the consent of the purchasers in which they made notes, annotations, highlights, or dog-ears.

Excluded from each Class and Subclass are Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

38. The Classes consist of thousands of individuals and other entities, making joinder impractical.

COMPLAINT
Case No.

- 8 -

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

39. The claims of plaintiffs Gawronski and Bruguier are typical of the claims of all of the other members of both Classes. The claims of Gawronski are typical of the claims of all of the other members of the Subclass.

40. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Classes and Subclass. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and Subclass, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Classes.

41. Absent a class action, most members of the Classes and Subclass would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

42. Amazon has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Classes and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and Subclass.

43. The factual and legal bases of Amazon's liability to Plaintiffs and to the other members of the Classes and Subclass are the same, resulting in injury to Plaintiffs and all of the other members of the Classes and Subclass. Plaintiffs and the other members of the Classes and Subclass have all suffered harm and damages as a result of Amazon's wrongful conduct.

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

44. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Classes and Subclass, and those questions predominate over any questions that may affect individual members of the Classes and Subclass. Common questions for the Classes and Subclass include but are not limited to the following:

    (a)    whether Amazon's conduct described herein violates 28 U.S.C. § 1030;

    (b)    whether Amazon's conduct constitutes trespass to chattels;

    (c)    whether Amazon's conduct constitutes conversion;

    (d)    whether Amazon's conduct constitutes breach of contract; and,

    (e)    whether Amazon's practices constitute unfair and deceptive acts or practices.

45. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Declaratory Judgment that Amazon's Conduct Violates its Terms of Use**

**(on behalf of Plaintiffs and all Classes)**

46. Plaintiff incorporates by reference the foregoing allegations.

47. All Kindle buyers must implicitly agree to the Amazon Kindle Terms of Use, which states in relevant part that Amazon "grants you the non-exclusive **right to keep a permanent copy** of the applicable Digital Content and **to view, use, and display such Digital Content an unlimited number of times**." (emphasis added.)

48. Plaintiffs and Amazon have adverse legal interests. There is a substantial controversy between Plaintiffs and Amazon of sufficient immediacy and reality to warrant the

COMPLAINT
Case No.

- 10 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

issuance of a declaratory judgment. Plaintiffs desire a judicial determination of their respective rights and duties, and a declaration that Amazon, by remotely deleting Plaintiffs' electronic copies of "1984," violated its own Terms of Use as to Plaintiffs and all Kindle users.

49. Plaintiffs seek a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 that Amazon's remote deletion of digital content from Kindles and the Kindle for iPhone application violates its own Terms of Use, that Amazon lacks the right to remotely delete any digital content from Kindles and the Kindle for iPhone application, and that Plaintiffs and members of the Classes and Subclass have the right to keep a permanent copy of their purchases and created digital content.

## SECOND CAUSE OF ACTION

**Violation of 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA")**

**(on behalf of Plaintiffs, the Big Brother Class and the Big Brother Work-Product Subclass)**

50. Plaintiffs incorporate by reference the foregoing allegations.

51. Amazon violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the transmission of a command to delete content to Plaintiffs' Kindles, which are protected computers as defined in 18 U.S.C. § 1030(e)(2)(B) because they are used in interstate commerce and/or communication. By deleting content from Plaintiffs' Kindles by way of remote deletion, Amazon intentionally caused damage without authorization to Plaintiffs' Kindles.

52. Amazon violated 18 U.S.C. § 1030(a)(5)(A)(iii) by intentionally accessing Plaintiffs' Kindles, protected computers, without authorization, and as a result, caused damage to Plaintiffs' Kindles by remotely deleting content stored on them.

53. Plaintiffs and Big Brother Class members suffered damages even though Amazon refunded the cost of the purchased content to Plaintiff and Big Brother Class members because:

COMPLAINT
Case No.
- 11 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1) they now have to replace the deleted content at a higher cost; and, 2) their Kindles were reduced in value by way of the deletion in that an electronic reading device that enables Amazon to remotely delete content is less valuable than one not subject to unconsented remote deletions of content.

54. Plaintiff Gawronski and the Big Brother Work-Product Subclass suffered damages because they created content on their Kindles within the purchased content that Amazon deleted. The remote deletions rendered their work-product useless and worthless because their work-product necessarily was linked to the deleted purchased content. As a result, Plaintiff Gawronski and the Big Brother Work-Product Subclass must expend further resources and effort in order to recreate their now useless work-product.

55. As a result of these takings, Amazon's conduct has caused a loss to one or more persons during any one-year period aggregating at least $5,000 in value in real economic damages.

56. Plaintiffs have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

57. Amazon's unlawful access to Plaintiffs' Kindles and digital content has also caused Plaintiffs irreparable injury. Unless restrained and enjoined, Amazon will continue to commit such acts. Plaintiffs' remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by § 1030(g).

COMPLAINT
Case No.

- 12 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

## THIRD CAUSE OF ACTION

## Trespass to Chattels

**(on behalf of Plaintiffs. the Big Brother Class and the Big Brother Work-Product Subclass)**

58. Plaintiffs incorporate by reference the foregoing allegations.

59. Amazon intentionally dispossessed and/or deprived Plaintiffs and members of the Big Brother Class and Big Brother Work-Product Subclass of digital content they rightfully possessed by remotely deleting said digital content.

60. Plaintiffs and members of the Big Brother Class and Big Brother Work-Product Subclass did not consent to Amazon dispossessing them and/or depriving them of their digital content by way of remote deletion.

61. Amazon did not have legal authority to seize or take dominion over Plaintiffs or members of the Big Brother Class or Big Brother Work-Product Sublcass's digital content. Amazon has no more right to delete e-books from consumers Kindles and iPhones than it does to retrieve from its customers' homes paper books it sells and ships to consumers.

62. As a result, Plaintiffs and members of the Big Brother Class and Big Brother Work-Product Subclass suffered actual harm because they are now forced to find alternate means to acquire the same content, such as buying paper copies of the content or paying a different price through the Kindle Store for different editions of the same content, at higher costs.

## FOURTH CAUSE OF ACTION

## Conversion

**(on behalf of Plaintiffs, the Big Brother Class and the Big Brother Work-Product Subclass)**

63. Plaintiffs incorporate by reference the foregoing allegations.

COMPLAINT
Case No.

- 13 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

64. Plaintiffs allege this cause of action in addition to and/or alternatively to their Trespass to Chattels cause of action.

65. Amazon intentionally dispossessed Plaintiffs and members of the Big Brother Class and Big Brother Work-Product Subclass of digital content they rightfully possessed by remotely deleting said digital content.

66. Plaintiffs and members of the Big Brother Class and Big Brother Work-Product Subclass did not consent to Amazon dispossessing them of their digital content by way of remote deletion.

67. Amazon did not have legal authority to seize or take dominion over Plaintiff or members of the Big Brother Class or Big Brother Work-Product Subclass's digital content.

68. As a result, Plaintiffs and members of the Big Brother Class and Big Brother Work-Product Subclass suffered actual harm because they are now forced to find alternate means to acquire the same content, such as buying paper copies of the content or paying a different price through the Kindle Store for different editions of the same content, at higher costs.

**FIFTH CAUSE OF ACTION**

**Breach of Contract**

**(on behalf of Plaintiffs and all Classes)**

69. Plaintiffs incorporate by reference the foregoing allegations.

70. Plaintiffs and members of all Classes entered into identical agreements with Amazon whereby Plaintiffs agreed to pay a certain sum of money in exchange for the "non-exclusive right to keep a permanent copy of the applicable Digital Content and to view, use, and display such Digital Content an unlimited number of times."

COMPLAINT
Case No.

- 14 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

71. Amazon expressly and/or impliedly agreed to provide Plaintiffs and the Big Brother Class and Big Brother Work-Product Subclass with digital content for permanent use.

72. Amazon further expressly and/or impliedly agreed to carry out its obligations in good faith and fair dealing.

73. Amazon breached its contractual obligations by providing Plaintiffs and the Big Brother Class with digital content that was not permanent and could not be viewed an unlimited number of times.

74. Amazon further breached its contractual obligations, including its contractual obligation of good faith and fair dealing, by thereafter remotely deleting said digital content from Plaintiffs and the Big Brother Class and Big Brother Work-Product Subclass.

75. Plaintiffs and the Classes have performed their obligations under the contracts.

76. The aforementioned breaches of contract have proximately caused Plaintiffs and the Classes economic injury and other damages.

## SIXTH CAUSE OF ACTION

**Violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.***

**(on behalf of Plaintiffs and all Classes)**

77. Plaintiffs incorporate by reference the foregoing allegations.

78. The Washington Consumer Protection Act ("CPA") declares unlawful (a) an unfair or deceptive act or practice, (b) occurring in trade or commerce, (c) with a public interest impact, (d) that causes injury to plaintiffs.

79. At all relevant times, Amazon has engaged in unfair or deceptive acts and practices in the conduct of its business by all of the foregoing conduct, including but not limited to misleading and deceiving Kindle and Kindle Store customers into believing that Kindle and

COMPLAINT
Case No.

- 15 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

Kindle Store customers would receive the right to keep a permanent copy of their digital content and to be able to view said content an unlimited number of times.

80. Amazon's unfair or deceptive business acts and practices impact the public interest. Amazon committed the unfair and deceptive acts described herein in the course of its business as part of a pattern and generalized course of conduct. Amazon's unfair and deceptive business acts and practices have affected, and continue to affect, a great many consumers. The business of downloadable media available to the public is replete with public interest.

81. As a result of Amazon's unfair and deceptive acts and practices in the conduct of its business, Plaintiffs and the other members of the Classes have suffered injury to their business and/or property.

82. The State of Washington has an important interest in regulating the business activities of companies headquartered in Washington state, especially a prominent corporate citizen such as Amazon. The policies complained of herein, which are the basis of the statutory claim in this cause of action, were developed in, set in, and/or emanated or exported from Washington state.

83. Unless Amazon is enjoined from its unfair and deceptive acts and practices as alleged herein, Amazon will continue to cause injury to consumers.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Gawronski and Bruguier, on behalf of themselves and the Classes, pray for the following relief:

A. Certify this case as a class action on behalf of the Classes defined above; appoint Justin Gawronski and Antoine Bruguier as class representatives; and appoint their counsel as class counsel;

COMPLAINT
Case No.
- 16 -
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

B.  Declare that the actions of Amazon, as set out above, violate its own Terms of Use, that Amazon lacks the right to remotely delete any digital content from Kindles and the Kindle for iPhone application, and that Plaintiffs and members of the Classes have the right to keep a permanent copy of their purchases and created digital content;

C.  Declare that the actions of Amazon, as set out above, result in trespass to chattels, conversion, breach of contract, and violate the CPA and CFAA;

D.  Enter judgment against Amazon for all damages caused by its conduct and, to the extent authorized under the CPA, treble damages;

E.  Award restitution against Amazon for all money that Amazon has to which Plaintiffs and the Classes are entitled in equity;

F.  Award Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

G.  Award Plaintiffs and the Classes pre- and post-judgment interest, to the extent allowable;

H.  Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and the Classes; and

I.  Award such other and further relief as equity and justice may require.

## JURY TRIAL

84.  Plaintiffs demand a trial by jury for all issues so triable.

Dated: July 30, 2009               Respectfully submitted,

LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
By:  s/  Clifford Cantor, WSBA # 17893
627 208th Ave. SE
Sammamish, WA  98074-7033
(425) 868-7813

COMPLAINT
Case No.

- 17 -

Jay Edelson
Michael J. Aschenbrener
Steven Teppler
KAMBEREDELSON, LLC
350 N. LaSalle St., Ste. 1300
Chicago, IL 60654
(312) 589-6370

Counsel for Plaintiffs

COMPLAINT
Case No.

- 18 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870